UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-21041-CIV-GOLD/MCALILEY

SUSAN ROOT,

Plaintiff,

v.

MIAMI-DADE COUNTY,

Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT MIAMI-DADE COUNTY'S MOTION FOR SUMMARY JUDGMENT [DE 22]; DENYING PLAINTIFF SUSAN ROOT'S MOTION FOR SUMMARY JUDGMENT [DE 16]; DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE; CLOSING CASE

THIS CAUSE is before the Court on Plaintiff Susan Root's Motion for Summary

Judgment **[DE 16]**, filed on March 1, 2010, and Defendant Miami Dade County's Motion

for Summary Judgment **[DE 22]**, filed on April 5, 2010. Oral argument on the Motions was

held on July 9, 2010. I have reviewed the pertinent pleadings filed by the parties, the

record, and the applicable law. For the reasons set forth below, Plaintiff's Motion **[DE 16]**

is denied, and Defendant's **[DE 22]** Motion is granted.

## I.      Background[1]

---

[1]

In the Southern District of Florida, a party moving for summary judgment must submit a statement
of undisputed facts. S.D. Fla. L.R. 7.5. If necessary, the non-moving party may file a concise
statement of the material facts as to which it is contended there exists a genuine issue to be tried.
*Id.* Each disputed and undisputed fact must be supported by specific evidence in the record, such
as depositions, answers to interrogatories, admissions, and affidavits on file with the Court. *Id.*
All facts set forth in the movant's statement which are supported by evidence in the record are
deemed admitted unless controverted by the non-moving party. *Id.* In the instant case, Plaintiff
failed to submit a Rule 7.5 statement with specific citations to evidence in the record controverting
Defendant's Rule 7.5 statement ("DFS") **[DE 23]**. Plaintiff also filed an untimely statement of

1

Plaintiff, a Caucasian female, was employed by the County in its Corrections and
Rehabilitation Department ("Corrections") as the Administrative Secretary to the Captain
who was serving as the Commander of the Turner Guillford Knight Correctional Facility
("TGK"). (DFS, ¶ 12). Plaintiff had a history of disciplinary issues usually related to
antagonism, offensive conduct and insubordination.[2] (Id., ¶¶ 15-21). On June 15, 2007,
Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity
Commission ("EEOC") ("2007 EEOC Charge").[3] (Id., ¶ 22). The EEOC issued a notice of
"right to sue" in connection with the 2007 EEOC charge; however, Plaintiff allowed the right
to sue on the 2007 EEOC charge to lapse without litigation. (Id., ¶¶ 22-23). Corrections
first received notice of Plaintiff's 2007 EEOC Charge on August 8, 2007. (Id., ¶ 25).

On June 19, 2007, a Disciplinary Action Report ("DAR") was initiated against Plaintiff
for an incident that occurred on the previous day – June 18, 2007. (Id., ¶ 30). The DAR

---

undisputed material facts in support of her Motion for Summary Judgment **[DE 16]** ("PFS"), which
did not contain specific citations to the record. Nevertheless, rather than deeming Defendant's
facts admitted pursuant to the Local Rules, I have independently determined the undisputed
material factual background from my review of the record, drawing all reasonable inferences in
favor of Plaintiff.

[2]

Plaintiff's employment history includes, not exclusively, the following: a DAR which imposed a five-
day suspension on Plaintiff for offensive conduct and antagonistic behavior to supervisors; a
Record of Counseling dated August 21, 2006 stating that Plaintiff used pink lipstick to mark the
window of a vehicle with the words "THIS IS A DRIVEWAY" and the vehicle belonged to another
Departmental employee; a DAR dated February 2003 which imposed a written reprimand on
Plaintiff for insubordination related to a mandatory training class; a Record of Counseling dated
February 2003 related to arguments with other employees and rude behavior by Plaintiff; and a
DAR dated January 25, 2002 that imposed a written reprimand for offensive conduct and
antagonistic behavior. (DFS, ¶¶15-21).

[3]

The specific basis for Plaintiff's filing of the 2007 EEOC charge is unclear from the record. (See
id., ¶¶ 22-5). The Amended Complaint [DE 17] merely states that the June 15, 2007 Complaint
was filed "regarding discrimination alleging unlawful actions by the Defendant." (Am. Compl., ¶ 18).

was for offensive conduct by Plaintiff and resulted in a 30-day suspension. (*Id.*, ¶¶ 30-34). More specifically, the DAR stated that on June 18, 2007 Plaintiff was witnessed "yelling at a gentleman who was attempting to explain to [Plaintiff] how to properly set the time clock." (*Id.*). The DAR further indicated that Plaintiff was witnessed acting in a "very unprofessional manner, using a very rude tone." (*Id.*). The DAR charged Plaintiff with violating personnel rules and departmental rules related to offensive conduct and courtesy. (*Id.*). The original recommended discipline pursuant to the DAR was demotion. (*Id.*). Ultimately, the reduced discipline of a 30-day suspension was imposed, which Plaintiff served between January 23, 2008 and March 4, 2008. (*Id.*). During the time period that Plaintiff received the 30-day suspension, Plaintiff was employed as an Administrative Secretary; therefore, she was exempt from the classified service. In other words, as a result of the exemption, Plaintiff was ineligible for an appeal hearing of the 30-day suspension.[4] (*Id.*).

On January 28, 2008, Plaintiff filed a second EEOC Charge ("the 2008 EEOC Charge"). (*Id.*, ¶ 26). In that charge, when asked to specify the basis for the alleged discrimination, Plaintiff checked only the "retaliation" box. (*Id.*, ¶ 27). The 2008 EEOC charge stated that "in retaliation for filing the [2007 EEOC Charge], [Plaintiff was] suspended for 30 working days beginning on January 23, 2008." (*Id.*). The 2008 EEOC Charge identified the "earliest" date of the allegedly unlawful retaliation as "1-23-2008" and "latest" date as "1-28-2008." (*Id.*, ¶ 28). The "continuing action" box was not checked.

---

4

The County Pay Plan is the authorization from the Board of County Commissioners to pay County employees. (DFS, ¶ 8). The County Pay Plan identifies job classifications that are "Exempt" from the "Classified Service." (*Id.*) The Pay Plan approved by the Board of County Commissioners in at least the last ten years has consistently designated the classification of "Administrative Secretary" as being "Exempt" from the "Classified Service." (*Id.*).

(*Id.*).

Subsequent to the filing of the 2008 EEOC Charge, Plaintiff requested an appeal hearing regarding her 30-day suspension. (PFS, ¶ 4). However, Plaintiff was notified by letter dated February 11, 2008 that her request was denied because of her status as an exempt employee for Corrections. (Am. Compl., Ex. D). The letter stated, in part, that as an *exempt* status employee, Plaintiff was not entitled to avail herself of the appeal process available to permanent status employees. (*Id.*).

On May 14, 2009, Corrections dismissed Plaintiff from County service. (DFS, ¶ 35). Plaintiff's termination was based on the "facts outlined in the Disciplinary Action Report [] that was presented to Root on November 11, 2008." (*Id.*, ¶ 36). This particular DAR was issued based on Plaintiff's repeated refusal to type a short 6-line memorandum for her boss, the Captain who served as the Facility Supervisor for all of TGK. (*Id.*, ¶ 39). Corrections Director Ryan stated in Plaintiff's Dismissal Letter that "upon a thorough review of [Plaintiff's] prior disciplinary record and [Plaintiff's] response, I have determined that the final disposition in this matter is dismissal." (*Id.*, ¶ 36). Plaintiff appealed her dismissal to a Hearing Examiner appointed by the American Arbitration Association ("AAA") who concluded that the overwhelming weight of the evidence showed that Plaintiff demonstrated antagonistic behavior to her supervisor, thus, dismissal was reasonable.[5] (*Id.*, ¶¶35-45). The County Manager confirmed the Hearing Examiner's recommendation and Plaintiff has now appealed that decision to the Circuit Court Appellate Division in the

---

[5]

At the July 9, 2010 hearing, Defense counsel explained that the reason Plaintiff was permitted to appeal her final termination is that throughout her employment with the County she had served as a "Clerk Typist 2" for some time and thereby acquired certain "civil service rights," including the right to appeal a final termination. [*See* Oral Arg. Tr., 2:02:15-2:06:28].

4

11th Judicial Circuit Court of Florida. (*Id.*, ¶ 46-7),

Pursuant to the 2008 EEOC Charge, Plaintiff filed an Amended Complaint **[DE 17]**, which asserts the following claims against Defendant: Count I – "Retaliatory Conduct by Employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Count II – "Common Negligence;" Count III – "Negligent Performance Evaluation;" Count IV – "Unjust Enrichment;" and Count V – "Constructive Fraud."

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *See id.* ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252; *Bishop v. Birmingham Police Dep't*, 361 F.3d 607, 609 (11th Cir. 2004).

The moving party bears the initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party satisfies this burden, the burden shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986). A factual

5

dispute is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248; *Denney v. City of Albany,* 247 F.3d 1172, 1181 (11th Cir. 2001). In assessing whether the movant has met its burden, the court should view the evidence in the light most favorable to the party opposing the motion and should resolve all reasonable doubts about the facts in favor of the non-moving party. *Denney,* 247 F.3d at 1181.

## III.    Discussion

As an initial matter, I note that Plaintiff's Motion for Summary Judgment consists merely of conclusory allegations which are patently insufficient under both Fed. R. Civ. P. 56 and Local Rule 7.5. *See Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000) (noting that the law is clear that, in the summary judgment context, conclusory allegations without specific supporting facts have no probative value)*; see also Burger King Corp. v. E-Z Eating, 41 Corp.,* 572 F.3d 1306, 1313 (11th Cir. 2009) (explaining that a party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact) (citations omitted). Plaintiff fails to cite to any basis in law or fact that she is entitled to judgment in her favor as a matter of law. Instead, Plaintiff's two and one-half page motion revolves around Plaintiff's disagreement with the fact that she was an employee exempt from the classified service and therefore not entitled to a hearing regarding her 30-day suspension. This argument will be addressed in connection with Defendant's Motion for Summary Judgment. Additionally, Plaintiff filed an untimely Rule 7.5 statement of material facts not in dispute, which was unsupported by specific citations to the record. For these reasons, Plaintiff's

6

Motion for Summary Judgment must be denied. I now turn to Defendant's Motion for Summary Judgment.

## A.    Retaliation Claim

An employer may not retaliate against an employee because the employee has opposed an unlawful employment practice or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."[6] *EEOC v. Total Sys. Serv., Inc.*, 221 F.3d 1171, 1174 (11th Cir.2000) (quoting 42 U.S.C. § 2000e-3(a)). To establish a prima facie case of retaliation under Title VII, Plaintiff "must show that: (1) [she] engaged in statutorily protected activity; (2) [she] suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Howard v. Walgreen Co.*, 2010 WL 1904966, at \*5 (11th Cir. May 13, 2010) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008)). "'[An adverse] employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Davis v. Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 760–61 (1998)). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d 712,

---

6

Where, as here, a plaintiff does not present any direct evidence of retaliation, circumstantial evidence may be evaluated under the burden shifting framework articulated in *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Under this framework, the employee bears the burden of establishing a prima facie case of retaliation. *Id.*

716 (11th Cir. 2002). "'For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated.'" *Id.* (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)).

Once a prima facie case is established, the burden shifts to the employer to rebut the presumption of retaliation by producing legitimate reasons for the adverse action. *Tiggs-Vaughn v. Tuscaloosa Hous. Auth.*, 2010 WL 2690305, \*4 (11th Cir. July 2, 2010) (*citing Goldsmith v. City of Artmore*, 996 F.2d 1155, 1163 (11th Cir.1993)). The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct. *Id.* In order to establish pretext, a plaintiff "must present significant probative evidence on the issue to avoid summary judgment." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir.1996) (internal quotations and citations omitted). "Conclusory allegations . . . without more, are not sufficient to raise an inference of pretext." *Tiggs-Vaughn v. Tuscaloosa Housing Authority*, 2010 WL 2690305 at \*4 (internal quotations and citations omitted). Instead, "[t]he plaintiff must meet the reason proffered head on and rebut it." *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

In the present case, it is undisputed that Plaintiff engaged in statutorily protected activity by filing the 2007 EEOC Charge and the 2008 EEOC Charge (collectively "EEOC Charges"). *See* 42 U.S.C. § 2000e-3(a). It is further undisputed on summary judgment that Plaintiff suffered adverse employment actions in the of form the 30-day suspension, and Plaintiff's termination in May 2009. However, Defendant correctly argues that Plaintiff's retaliation claims must fail because (1) she cannot demonstrate a causal connection between the EEOC Charges and the 30-day suspension and May 2009

8

termination; and (2) Plaintiff failed to establish that Correction's proffered reasons for the employment actions were pretextual.

Plaintiff has failed to establish a prima facie case of retaliation based on the 30-day suspension for several reasons. First, the DAR that resulted in her suspension was initiated on June 19, 2007 because of an incident of offensive conduct by Plaintiff that had occurred the prior day. Based on the uncontroverted record, Corrections could not have retaliated against Plaintiff because it did not receive Plaintiff's 2007 EEOC Charge until more than a month later on August 8, 2007.[7] Because the undisputed evidence demonstrates that Corrections did not know about the 2007 EEOC Charge at the time that the DAR was initiated, Corrections could not have retaliated against Plaintiff for the filing of the 2007 EEOC Charge. See Shannon, 292 F.3d at 716("To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated."); see also, e.g., Thomas v. Public Health Trust, 2010 WL 759607, * 3 (11th Cir. March 8, 2010) (holding that plaintiff failed to establish a casual connection where defendant presented undisputed evidence that it did not have notice or knowledge of the filing of plaintiff's EEOC charge); Leatherwood v. Anna's Linens Co., 2010 WL 2490753, * 5 (11th Cir. June 17, 2010) ("Because there is no evidence that [Defendant] knew about the EEOC charge at the time the August 7th counseling notices were issued, [Plaintiff] cannot establish a causal connection.").

---

[7]

The 2008 EEOC Charge identifies only one act of retaliation – the 30 day suspension – and further identifies the protected conduct as the filing of the 2007 EEOC Charge. Thus, the 2007 EEOC Charge is the relevant protected activity with respect to Plaintiff's claim for retaliation in the form of the 30-day suspension.

9

Second, the undisputed record evidence shows that the suspension was actually imposed in late January 2008 which is more than five months after Corrections had notice of the 2007 EEOC Charge. As the Eleventh Circuit has stated, a temporal lapse of three and one-half months is insufficient to show causal connection. *See Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) ("[I]n the absence of any other evidence of causation, a three and one-half month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation."); *see also Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001). Accordingly, in absence of additional evidence showing causation, this five month disparity is insufficient to show the requisite causal connection needed to establish a prima facie case of retaliation. *Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160 (11th Cir. 2010) ("[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law.").

Third, even if Plaintiff could establish a causal connection between the 2007 EEOC Charge and the 30-day suspension, Defendant articulated a legitimate, non-discriminatory reason for imposing the 30-day suspension. Specifically, Defendant cited Plaintiff's unprofessional and offensive conduct on June 18, 2007 as the reason for the 30-day suspension. Plaintiff has presented no evidence on summary judgment to establish that the reason cited by Defendant was false and that retaliation was the true reason. Accordingly, Plaintiff has failed to rebut Defendant's legitimate, non-retaliatory reasons for the 30-day suspension, and summary judgment in favor of Defendant is warranted on this claim.

10

With respect to Plaintiff's May 2009 termination, Plaintiff has also failed to establish a causal connection. The undisputed record shows that Plaintiff's dismissal in May 2009 occurred nearly two years after Plaintiff's 2007 EEOC Charge, and over one year after Plaintiff's filing of the 2008 EEOC Charge. Accordingly, given the time gap between the filing of Plaintiff's EEOC Charges and her subsequent termination, Plaintiff cannot establish close temporal proximity between the protected activity and her termination. *See Wascura,* 257 F.3d at 1244-45 (three and one-half months, standing alone, does not show causal connection). Without more, Plaintiff has failed to prove a causal relation as a matter of law. *See id.*

Additionally, Defendant articulated a non-discriminatory reason for Plaintiff's termination. The uncontroverted record shows that Plaintiff was terminated on May 14, 2009 as a result of Plaintiff's repeated refusal to type a short 6-line memorandum for her boss, the Captain who served as the Facility Supervisor for all of TGK. Corrections also took into account Plaintiff's prior disciplinary record in determining that termination was appropriate. Since Plaintiff did not controvert this evidence, Plaintiff has failed to show that these reasons were pretextual. Accordingly, to the extent Plaintiff's claim for retaliation hinges on her May 2009 termination, Defendant is entitled to judgment as a matter of law.

Defendant did not address the merits of Plaintiff's retaliation claim based on the denial of an appeal hearing. Instead, Defendant argues that any such claim is outside of the scope of Plaintiff's judicial action. In support of this argument Defendant cites to my previous decision in *Buzzi v. Gomez,* 62 F. Supp.2d 1344, 1351-2 (S.D. Fla. 1999) for the proposition that claims of discrimination not alleged in an administrative charge of discrimination are outside the scope of the charge and cannot form the basis of a judicial

11

complaint. However, Defendant's reliance on *Buzzi* is misplaced. The alleged acts of discrimination in *Buzzi*, which occurred subsequent to the filing of the plaintiff's EEOC charge, were significantly different than the acts asserted in the operative EEOC complaint, which charged only claims of harassment and an improper transfer.[8]  *Id.* at 1351-2. Moreover, in *Buzzi*, I recognized an exception to the requirement that administrative remedies must be exhausted before an employee may pursue a Title VII claim, which permits courts to entertain allegations of the judicial complaint that are "reasonably related" to those contained in the administrative charge. *Id.* I further noted that "[w]hen the allegations in the federal action involve conduct committed subsequent to the filing of an EEOC charge, it is reasonably related to the charged conduct where . . . the claim is one alleging *retaliation* against the employee for filing an EEOC charge[.]" *Id.* (emphasis added); *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (holding that because a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination, it was properly before the court); *see also Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981) (noting that because it is the nature of retaliation claims that they arise after the filing of the EEOC charge, it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge); *Thomas,* 2010 WL 759607 at * 3 (holding that even though plaintiff did not file a separate EEOC charge for alleged retaliatory acts occurring after the date of

---

8

In *Buzzi*, the operative EEOC Charge alleged only claims of harassment and an improper transfer. *Buzzi,* 62 F. Supp. at 1351. In the federal action the plaintiff sought to assert additional claims of promotional and training deprivations based on the operative EEOC Charge. *Id.* Here, Plaintiff's 2008 EEOC Charge alleges retaliation on the part of Defendant, and Plaintiff's claim arising subsequent to the filing of the EEOC Charge also involves alleged retaliatory conduct.

her filed EEOC charge, it is unnecessary for a plaintiff to exhaust administrative remedies prior to asserting a retaliation claim growing out of a prior EEOC charge). Thus, given that the conduct complained of in this case is alleged retaliation subsequent to the filing of Plaintiff's 2008 EEOC Charge, insofar as Plaintiff alleges retaliation in the form of Defendant's failure to allow her to appeal her 30-day suspension, this claim may be properly considered by the court.

Nevertheless, to the extent Plaintiff bases her retaliation claim on Correction's denial of an appeal hearing regarding her 30-day suspension, Plaintiff's claim is without merit. Plaintiff failed to make any arguments or assert any facts to show that Correction's actions in this regard were in retaliation. See, e.g., [DE 16, p. 2 ("The Plaintiff was given a 30-day suspension in 2007 without due process, despite asking for the right to appeal the matter to a Hearing Examiner, and being denied.")]. Thus, Plaintiff fails to set forth any basis whatsover to grant judgment in her favor on this claim.

Even if Plaintiff could establish a prima facie case with respect to the denial of the appeal hearing, Defendant came forward with a legitimate, non-discriminatory reason for denying Plaintiff the right to appeal the 30-day suspension. Defendant presented undisputed evidence that, at all relevant times, Plaintiff was classified as an Administrative Secretary, and therefore, exempt from the classified service. As previously stated, this exempt status denotes that Plaintiff was not entitled to an appeal hearing of the 30-day suspension. Although Plaintiff argues that she was not an at-will employee by citing to Section 2-47 of the Miami-Dade County Code, Plaintiff points to no record evidence supporting this position. Moreover, Plaintiff failed to explain how Section 2-47 rebuts Plaintiff's uncontroverted evidence, which establishes that the County Pay Plan approved

13

by the Board of County Commissioners in at least the last ten years has consistently designated the classification of "Administrative Secretary" as being "Exempt" from the "Classified Service." Thus, Plaintiff failed to satisfy her burden to show that Defendant's proffered non-discriminatory reason was pretextual and summary judgment in favor of Defendant is warranted on this claim.

### B. State Law Claims

Plaintiff's Amended Complaint alleges state law claims against Defendant for common negligence, negligent performance evaluation, unjust enrichment and constructive fraud. In her Motion for Summary Judgment [DE 16] and response to Defendant's Motion for Summary Judgment [DE 31], Plaintiff does not refer the court to any evidence or legal authority with respect to any of her state law claims. In contrast, Defendant argues that "since there is no common law claim in Florida for unlawful retaliatory termination, Plaintiff's state law claims for negligent classification, negligent performance evaluations, unjust enrichment and constructive fraud cannot be causes of action against the [Defendant] on this record." [DE 28, p. 6]. Plaintiff's utter failure to substantively address her state law claims arguably acts as a concession that these claims do not survive summary judgment. *See Road Sprinkler Fitters Local Union No. 669, v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir.1994) (The district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."). However, as explained below, I *sua sponte* dismiss Plaintiff's state law claims; thus, I need not grant summary judgment on these claims.

Even if a court is satisfied that supplemental jurisdiction has been established, the court has the discretion to decline to exercise supplemental jurisdiction if: "(1) the claim

14

raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or; (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *see Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir.2004) ("We have encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial.") (*per curiam*) (citation omitted); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). To determine whether supplemental jurisdiction should be exercised, the court must consider traditional factors bearing on the exercise of pendent jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994). These factors include "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." *Id.* In light of the fact that all of Plaintiff's federal claims have been dismissed from this action, I conclude that the balance of factors, including judicial economy, convenience, fairness, and comity, weigh in favor of dismissal. *See, e.g., Murphy v. City of Aventura*, 616 F. Supp. 2d 1267, 1283 (S.D. Fla. 2009) (declining to exercise supplemental jurisdiction and therefore dismissing plaintiff's state law claims without prejudice at the summary judgment stage). However, the dismissal of Plaintiffs' state law claims is *without prejudice* to Plaintiff's ability to pursue these claims in state court. *See Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (indicating that when a court declines to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice to the complaining party's ability to refile the claims in state court).

15

## IV.   Conclusion

In light of the foregoing, I conclude that Plaintiff has failed to raise any issues of material fact to preclude summary judgment in favor of Defendant on Plaintiff's federal claims. Having concluded that Defendant is entitled to judgment as a matter of law on the federal claims at issue, Plaintiff's state law claims are dismissed without prejudice to Plaintiff's right to refile in the proper state forum.   Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1.   Defendant's Motion for Summary Judgment **[DE 22]** is **GRANTED IN PART**.

2.   Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to refile in the proper state forum.

3.   Plaintiff's Motion for Summary Judgment **[DE 16]** is **DENIED.**

4.   This case is **CLOSED.**

5.   All pending motions are **DENIED as MOOT** and all hearings are **CANCELED**.

DONE and ORDERED in Chambers in Miami, Florida, this __6__ day of August, 2010.


_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
U.S. Magistrate Judge Chris M. McAliley